## Case No. 7,937.

### KROUSE et al. v. DEBLOIS.

[1 Cranch, C. C. 138.] [1]

Circuit Court, District of Columbia. July Term, 1803.

INDEBITATUS ASSUMPSIT—SPECIAL AGREEMENT.

The plaintiff cannot recover upon a general indebitatus assumpsit, if a special agreement be proved.

General indebitatus assumpsit and quantum valebat for 418 pounds of beef sold and delivered. The defendant offered to prove a special agreement between the plaintiffs [Krouse & Gloyd] and defendant, on which the beef was delivered.

Mr. Mason, for plaintiffs, moved the court to instruct the jury, that he was entitled to recover for the beef delivered, although a special agreement should be proved.

## Case No. 7,938.

### KROUSE et al. v. DEBLOIS.

[1 Cranch, C. C. 156.] [1]

Circuit Court, District of Columbia. Dec. Term, 1803.

CONTRACTS—COMPLETION—ALTERATION.

Under a contract to deliver rations of beef for a year, the plaintiff cannot recover for rations delivered for only a part of the year unless prevented by the act of the defendant from completing the contract.

[1] [Reported by Hon. William Cranch, Chief Judge.]

A special count was filed, under the leave given at the last term [Case No. 7,937], stating a special agreement to furnish rations for the marines for one year.

Mr. Mason, for plaintiffs [Krouse & Gloyd], prayed the court to instruct the jury, that although the plaintiffs had not supplied beef during the whole year, according to agreement, yet the defendant has no right to offset the unliquidated damages, for the plaintiffs not having continued to furnish the beef during the whole year, but that the plaintiffs were entitled to recover for as much beef as they did deliver. The covenants were mutual. Esp. N. P. 281, 282; Boone v. Eyre, 2 W. Bl. 1312; Barker v. Sutton, Esp. N. P. 129; Trials per Pais, 186.

Mr. Morsell, contra, contended that this was an entire agreement, and that the covenants were dependent. He cited Esp. N. P. 139, and 1 Strange, 648.

Mr. Mason, in reply, cited Barker v. Sutton, Esp. N. P. 129, 281; Trials per Pais, 186.

THE COURT (nem. con.) refused the instruction, and directed the jury that the plaintiffs are not entitled to recover for the quantity of beef delivered without showing a compliance on their part with the agreement declared on, to deliver rations of beef for the space of one year, in the manner stated in the special count in the declaration, unless such compliance was prevented by the act of the defendant. Verdict for the defendant.